**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICOLE FIGLEWICZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No.: |
| UNITED STATES POSTAL SERVICE and ) | |
| LYNDA R. STOOPS, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, NICOLE FIGLEWICZ, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, and complaining against the Defendants, UNITED STATES POSTAL SERVICE and LYNDA R. STOOPS states as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for damages for personal injuries, stemming from a motor vehicle collision involving a United States Postal Service postal truck. Specifically, this is a civil action for damages arising under the Federal Tort Claims Act.

2. Enacted on August 2, 1946, the Federal Tort Claims Act provides a limited waiver of the United States' immunity from suit, allowing claims for damages for injury or loss of property, or death caused by the negligent or wrongful act or omission of any employee of the U.S. Government while acting within the scope of his/her office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

3. This action arises under 28 U.S.C. § 2671 et. seq.

4. This Court has exclusive jurisdiction of this matter based upon 28 U.S.C. § 1346(b).

1

5. Venue is properly placed in the above-captioned district because the events complained of occurred in the County of Cook, and State of Illinois.

6. At all material times, the Plaintiff, NICOLE FIGLEWICZ, was a citizen of the United State of America and resided in the City of Chicago, County of Cook, State of Illinois.

7. At all material times, the Defendant UNITED STATES POSTAL SERVICE (hereinafter referred to as "USPS") employed Defendant, LYNDA R. STOOPS as a USPS mail carrier and employee of the government, operating a postal truck registered and insured by Defendant, USPS.

8. On or about May 21, 2022, Plaintiff, NICOLE FIGLEWICZ, was safely operating her motor vehicle, in a general northwesterly direction on Talcott street, at or near its intersection with S. Western Avenue, in the City of Park Ridge, County of Cook, State of Illinois.

9. At said time and place, Defendant LYNDA R. STOOPS, acting as employe of Defendant, USPS, operated a postal truck, in a general northbound direction on S. Western Avenue, just north of its intersection with Talcott in City of Park Ridge, County of Cook, State of Illinois.

10. Following Plaintiff's completion of a right-hand turn from Talcott onto S. Western Avenue, Defendant LYNDA R. STOOPS failed to check her mirrors, yield, and/or attempted and illegal and unsafe U-turn into Plaintiff's lane of travel, thereby causing a collision between the postal vehicle and the vehicle operated by Plaintiff, NICOLE FIGLEWICZ.

### **COUNT I- NICOLE FIGLEWICZ- NEGLIGENCE**
### **v. LYNDA R. STOOPS**

1-10. Plaintiff hereby adopts and realleges paragraphs 1 through 10 of this Complaint at Law as through more fully set forth herein Count 1.

11. Defendant LYNDA R. STOOPS, as an actual or apparent agent, servant, and/or employee of Defendant, USPS, owed an affirmative duty to the Plaintiff, NICOLE FIGLEWICZ, and other motorists on the roadways to exercise reasonable and ordinary care to properly operate the commercial/ postal vehicle in compliance with all state and federal motor carrier statutes, and a common law duty to operate with reasonable care and to maintain a proper look-out.

12. At said time and place, Defendant LYNDA R. STOOPS as agent of the USPS, and employee of the government, breached the aforementioned duties of care when she negligently and/or recklessly failed to yield, check her mirrors, and/or attempted to complete a U-turn when it was unsafe to do so.

13. Notwithstanding her duties in said regard, Defendant LYNDA STOOPS, as actual or apparent agent, servant, and/or employee of USPS, and as employee of the government, committed one or more of the following negligent acts and/or omissions to act.

   a. Failed to keep a reasonable and proper lookout for other vehicles on the roadway;
   b. Failed to check her mirrors prior to merging into a lane of traffic;
   c. Failed to yield the right of way to through traffic passing her postal vehicle as she delivered mail;
   d. Attempted an unsafe U-turn;
   e. Failed to use her turn signal when attempting to merge or make a U-turn;
   f. Failed to control and steer her vehicle so as to avoid a collision;
   g. Became distracted while operating a postal vehicle; and/or
   h. Was otherwise careless in the operation of the subject postal vehicle leading to the subject collision;

14. As a direct and proximate result of the negligence and/or recklessness of Defendant, LYNDA R. STOOPS as the actual or apparent agent, servant, and/or employee of USPS, Plaintiff

NICOLE FIGLEWICZ, incurred damage to her motor vehicle, and sustained bodily injuries which caused her physical pain and emotional suffering; Plaintiff incurred divers sums of medical expenses seeking to be cured of her injuries; and suffers ongoing injury, inability, and pain.

15. Under the circumstances, the person responsible for the operation of the postal truck, if she were a private person, would be liable to the Plaintiff for the compensatory damages resulting from the subject motor vehicle collision.

16. The postal truck which collided with the Plaintiff's motor vehicle was owned and being used by the United States Postal Service in the delivery of United States mail, and the driver, Defendant, LYNDA R. STOOPS, at all times, was acting in an official capacity on behalf of the United States Postal Service in the delivery of US mail. The collision occurred while Ms. Stoops, was an employee of the United States Government in the scope of her office and employment on have of the United States Postal Service.

17. On April 7, 2023, the Plaintiff NICOLE FIGLEWICZ, presented her claim in writing to the Defendant USPS, for damages covering the collision, medical expenses, and personal injury. No settlement offer was made by the Tort Claims Adjuster of the Defendant USPS.

18. Plaintiff has waited six months from the filing of said administrative claim. Plaintiff has not obtained a written denial, or any settlement offer.

Wherefore Plaintiff, NICOLE FIGLEWICZ, by counsel, demands judgment against the Defendant, in a reasonable amount under the circumstances, costs of this action, and all other just further relief.

## COUNT II- NICOLE FIGLEWICZ- NEGLIGENCE
## v. UNITED STATES POSTAL SERVICE (USPS)

1-10. Plaintiff hereby adopts and realleges paragraphs 1 through 10 of this Complaint at Law as through more fully set forth herein Count 2.

4

11. Defendant, USPS, by and through its actual or apparent agent, servant and/or employee, LYNDA R. STOOPS, owed an affirmative duty to the Plaintiff, NICOLE FIGLEWICZ, and other motorists on the roadways to exercise reasonable and ordinary care to properly operate the commercial/ postal truck vehicle in compliance with all state and federal motor carrier statutes, and a common law duty to operate with reasonable care and to maintain a proper look-out.

12. At said time and place, Defendant LYNDA R. STOOPS as agent of the USPS, and employee of the government, breached the aforementioned duties of care when she negligently and/or recklessly failed to yield, check her mirrors, and/or attempted to complete a U-turn when it was unsafe to do so.

13. Notwithstanding its duties in said regard, Defendant USPS by and through its actual or apparent agent, servant, and/or employee committed one or more of the following negligent acts and/or omissions:

    a. Failed to keep a reasonable and proper lookout for other vehicles on the roadway;

    b. Failed to check her mirrors prior to merging into a lane of traffic;

    c. Failed to yield the right of way to through traffic passing her postal vehicle as she delivered mail;

    d. Attempted an unsafe U-turn;

    e. Failed to use her turn signal when attempting to merge, or make a U-turn;

    f. Failed to control and steer her vehicle so as to avoid a collision;

    g. Became distracted while operating a postal vehicle; and/or

    h. Was otherwise careless in the operation of the subject postal vehicle leading to the subject collision;

14. As a direct and proximate result of the negligence and/or recklessness of Defendant, USPS by and through its actual or apparent agent, servant, and/or employee LYNDA R. STOOPS,

Plaintiff NICOLE FIGLEWICZ, incurred damage to her motor vehicle, and sustained bodily injuries which caused her physical pain and emotional suffering; Plaintiff incurred divers sums of medical expenses seeking to be cured of her injuries; and suffers ongoing injury, inability, and pain.

15. Under the circumstances, the person responsible for the operation of the Postal Truck, if she were a private person, would be liable to the Plaintiff for the compensatory damages resulting from the subject motor vehicle collision.

16. The postal truck which collided with the Plaintiff's motor vehicle was owned and being used by the United States Postal Service in the delivery of United States mail, and the driver, Defendant, LYNDA R. STOOPS, at all times, was acting in an official capacity on behalf of the United States Postal Service in the delivery of US mail. The collision occurred while Ms. Stoops, was an employee of the United States Government in the scope of her office and employment on have of the United States Postal Service.

17. On April 7, 2023, the Plaintiff NICOLE FIGLEWICZ, presented her claim in writing to the Defendant USPS, for damages covering the collision, medical expenses, and personal injury. No settlement offer was made by the Tort Claims Adjuster of the Defendant USPS.

18. Plaintiff has waited six months from the filing of said administrative claim. Plaintiff has not obtained a written denial, or any settlement offer.

Wherefore Plaintiff, NICOLE FIGLEWICZ, by counsel, demands judgment against the Defendant, in a reasonable amount under the circumstances, costs of this action, and all other just further relief.

          Respectfully submitted,
          TAXMAN, POLLOCK, MURRAY & BEKKERMAN

By: _____
Attorney for Plaintiff

CAMERON J. TOBER – (ctober@tpmblegal.com)
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**
225 W. Wacker Dr., Suite 1650
Chicago, Illinois 60606
P: (312) 586-1700
F: (312) 586-1701
ARDC 6333466